UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MIGUEL ANGEL MEJIA-VASQUEZ,

                Petitioner,

    v.                                          9:09-CV-0737(GTS)

UNITED STATES DEPARTMENT OF HOMELAND
SECURITY

                Respondent.
_____

APPEARANCES:                               OF COUNSEL:

MIGUEL ANGEL MEJIA-VASQUEZ, No. 61718-008
  Petitioner, *Pro Se*
FCI Ray Brook
Box 9003
Ray Brook, NY 12977

HON. GLENN T. SUDDABY, UNITED STATES DISTRICT JUDGE

## DECISION and ORDER

The Clerk has sent to the Court a Petition filed *pro se* by Miguel Angel Mejia-Vasquez ("Petitioner") seeking review of an Order of Deportation. (Dkt. No. 1.) This Petition has been transferred to this District by an Appellate Commissioner of the United States Court of Appeals for the Ninth Circuit. (Dkt. No. 2.) For the reasons set forth below, Petitioner's Petition is dismissed without prejudice.

## I.    BACKGROUND

In his Petition, dated February 2009, Petitioner challenges a decision of an Immigration Judge which ordered Petitioner's removal from the United States. (Dkt. No. 1 at 5.) Specifically,

he claims that, at that removal hearing,[1] the Immigration Judge improperly relied upon a criminal conviction in which Petitioner's appeal was still pending in arriving at the determination that petitioner was subject to removal from the United States. (*Id*. at 5-6.)  Petitioner asserts that he ultimately prevailed in his state court appeal of the criminal conviction upon which the Immigration Judge relied in arriving at the decision to deport Petitioner (*id.* at 5), and that therefore the removal order issued by the Immigration Judge is invalid (*id.* at 6-9).

## II.     DISCUSSION

The Second Circuit has clearly instructed district courts to "construe prisoner petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to." *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997).   Therefore, although Petitioner labeled this action as a proceeding brought pursuant to 28 U.S.C. § 2241 (*see* Dkt. No. 1 at 1), this Court must look to the substance of the allegations contained in Petitioner's Petition, and the relief sought therein, in determining the type of action that is before this Court.  As the Second Circuit noted in *Levine v. Apker*, 455 F.3d 71 (2d Cir. 2006):

> A challenge to the execution of a sentence . . . is properly filed
> pursuant to § 2241.  Execution of a sentence includes matters such as
> the administration of parole, computation of a prisoner's sentence by
> prison officials, prison disciplinary actions, prison transfers, type of
> detention and prison conditions.

---

[1]     It is unclear to the Court when Petitioner was ordered removed from the United States.  Petitioner initially claims in his Petition that the removal proceeding occurred on "February 25, 1998." (Dkt. No. 1 at 4.)  However, he subsequently claims in his Petition that the "immigration proceeding at issue" occurred in 1997. (*Id.* at  7.)  Moreover, according to the District of Arizona's docket in *Mejia-Vasquez v. United States*, No. 3:08-CV-8051 ("3:08-CV-8051"), the Warrant of Removal relating to Petitioner appears to have been issued in Phoenix, Arizona on May 10, 2000. (*See* 3:08-CV-8051, Attachment to Dkt. No. 2 at 111-12.)  Fortunately, the precise date of the removal order is not critical to the Court's Decision and Order in this action.

*Levine*, 455 F.3d at 78 (internal quotation marks and citation omitted).

This action clearly does not challenge the execution of Petitioner's sentence.  (*See* Dkt. No. 1.)  Therefore, this action may not be properly viewed as an application seeking habeas relief under 28 U.S.C. § 2241.  *See, e.g.*, *Chambers*, 106 F.3d at 475.

Rather, in his Petition, Petitioner clearly alleges that he is challenging "the original deportation proceedings against him."  (*See* Dkt. No. 1 at 1, 8 [Petition, alleging that, "[a]s discussed throughout this petition, the manner in which the original IJ ordered the petitioner removed, was inappropriate . . . 'fundamentally unfair' . . . and the petitioner suffered 'prejudice' as a result."]).  Thus, the present action is properly viewed as an application for review of the Immigration Judge's removal order, which was issued in Phoenix, Arizona.

As the Second Circuit has explained, "[T]he REAL ID Act of 2005, Pub.L. No. 109-13, Div. B, 119 Stat. 231, 310-11 ("REAL ID Act") (codified at 8 U.S.C. § 1252) . . . strips district courts of jurisdiction to hear habeas petitions challenging final orders of deportation." *De Ping Wang v. Department of Homeland Sec.,* 484 F.3d 615, 615-16 (2d Cir. 2007).  "[A] petition for review filed with an appropriate ***court of appeals*** . . . shall be the sole and exclusive means for judicial review of an order of removal."  *De Ping Wang,* 484 F.3d at 616 (emphasis added).[2]

Thus, in light of the REAL ID Act and Second Circuit precedent interpreting that Act, this federal district court has no jurisdiction to consider the present action, which clearly challenges the removal order issued by the Immigration Judge.

Finally, a few words are necessary about the appropriate disposition of this action.  The

---

[2]     As the *De Ping Wang* Court noted, "the REAL ID Act has eliminated habeas corpus review of orders of removal."  *De Ping Wang*, 484 F.3d at 617.

Court is cognizant of the fact that Petitioner initially commenced this action in the Ninth Circuit Court of Appeals. Since the removal order challenged by Petitioner was issued in Arizona, which is within the geographical boundaries of the Ninth Circuit, it appears that the Ninth Circuit may well have been the appropriate forum to litigate the present action. It further appears that the reason the Appellate Commissioner of that Circuit transferred Petitioner's Petition to this District Court was that the Appellate Commissioner was relying on Petitioner's erroneous characterization of his Petition as one seeking a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. No. 1 at 1.) Indeed, the Appellate Commissioner transferred Petitioner's Petition to this District expressly because the Petition was "filed pursuant to 28 U.S.C. 2241." (Dkt. No. 2.) Because of the facial inaccuracy of Petitioner's Petition, and because this action was only recently filed, the Court finds that dismissal without prejudice (rather than a transfer back to the Ninth Circuit) is appropriate.

**ACCORDINGLY**, it is

**ORDERED** that Petitioner's Petition (Dkt. No. 1) is **DISMISSED** **without prejudice** to refiling in the proper court.

Dated: July 20, 2009
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge